UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOSEPH CASTRO, | Case No. 26-cv-01007-TSH |
| Plaintiff, | |
| v. | **REQUEST FOR REASSIGNMENT WITH REPORT & RECOMMENDATION RE: REMAND** |
| MARTIN CLOHERTY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

On February 2, 2026, Defendants removed this unlawful detainer action from San Mateo County Superior Court.  As there is no basis for federal subject matter jurisdiction over a state law unlawful detainer action, remand to state court is appropriate.  Because not all parties have appeared and consented to magistrate-judge jurisdiction, the case must be reassigned.  *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017); *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) ("[A] remand order cannot be issued by a magistrate judge" without the consent of all parties.).  The undersigned therefore directs the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to San Mateo County Superior Court.

## II.   LEGAL STANDARD

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statute is strictly construed against removal and places the burden on the removing party to establish that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Any doubt as to the court's jurisdiction in a removal case will be resolved in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  A district court may

remand a case to state court sua sponte if it determines that jurisdiction is lacking. 28 U.S.C. § 1447(c); *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

There are two bases for subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id*.

To establish diversity jurisdiction, the removing party must show (1) the amount in controversy exceeds $75,000, and (2) the suit is between citizens of different states. 28 U.S.C. § 1332. As with federal question jurisdiction, the existence of diversity jurisdiction must be determined from the face of the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### III.    DISCUSSION

Here, the complaint asserts only one state law claim for unlawful detainer. As such, there is no federal question jurisdiction because "[a]n unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Snavely v. Johnson*, 2015 WL 5242925, at *2 (N.D. Cal. Sept. 8, 2015) (citations omitted); *Petaluma Theatre Square, LLC v. Hirsch*, 2019 WL 1171162, at *1 (N.D. Cal. Feb. 25, 2019), *report and recommendation adopted*, 2019 WL 1168538 (N.D. Cal. Mar. 13, 2019) ("Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal question jurisdiction.") (collecting cases). Further, as noted above, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. Thus, any anticipated defense Defendants may bring is not a valid ground for removal. *See, e.g., Barrie v. Fiorentino*, 2020 WL 8513084, at *2 (N.D. Cal. Dec. 7, 2020) (remanding unlawful detainer action where defendants invoked the federal Fair Debt Collection Practices Act); *Nguyen v. Bui*, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012), *report and recommendation adopted*, 2012 WL 762152 (N.D. Cal. Mar. 7, 2012) (affirmative defenses based

United States District Court
Northern District of California

United States District Court
Northern District of California

upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction upon state unlawful detainer claim); *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal. Mar. 29, 2010) (affirmative defense based upon Protecting Tenants at Foreclosure Act does not confer federal jurisdiction over unlawful detainer claim).

As to diversity jurisdiction, the undersigned finds no basis for it.  The address information provided by Defendants indicates residence in California.  *See* ECF Nos. 1, 2.  "28 U.S.C. § 1441(b)(2) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); 28 U.S.C. § 1441(b)(2).  As such, Defendants cannot remove this case based on diversity. *See Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").  In any event, an unlawful detainer is a limited civil action "where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less."  Cal. Civ. Proc. Code § 86.  "[T]he amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."  *Snavely*, 2015 WL 5242925, at *2.  Thus, "even where an unlawful detainer action involves foreclosure on a mortgage that exceeds $75,000, the amount of the mortgage does not satisfy the amount in controversy requirement."  *Id.* (citing *Deutsche Bank Nat'l Tr. v. Heredia*, 2012 WL 4747157, at *2 (N.D. Cal. Oct. 3, 2012)).

## IV.    CONCLUSION

As jurisdiction is lacking, the undersigned **RECOMMENDS** this case be remanded to San Mateo County Superior Court.  The Clerk of Court shall reassign this case to a district court judge.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO RECOMMENDED.**

Dated: February 3, 2026

THOMAS S. HIXSON
United States Magistrate Judge

3